Take up Blake v. Gates, number 23-160-23. I just want to say I have a problem with my left ear today, and I apologize. I may have to lean in or ask to repeat. It's fine. We'll try to be louder.  Thank you. May I begin, Your Honor? Proceed. May it please the Court, Dennis Wolinchak for Professor Alan Dershowitz. Your Honor, I'd like to start by saying regardless of how you decide on the Parker case that you just heard, we believe our case is different and doesn't depend on whether that case was groundless or not. I would point out Professor Dershowitz was not a party to the disciplinary proceeding that you've heard about, but it's uncertain whether he will be brought in in the future based on what we know. But he objectively acted here on his understanding gleaned over some 50 or more years of practice of what the of counsel designation means and what it was intended to mean. And I don't think the lower court really took a lot of exception with that concept of being of counsel to the Parker firm. In doing so, Professor Dershowitz simply cannot, as an of counsel, nor can any other retired professor, judge in a similar situation, be expected to recreate or delve into the over 200 hours of research that, it's our understanding, the Parker firm had done on these factual issues. He has to rely on that, and he did. And there is nothing in the record, nothing, that shows that anything that he did in his capacity as of counsel for his limited role and his limited opinion that he was there to present to the court on the constitutional issue was in any way, based on what we just heard argued here, false or groundless or not researched or anything else. So we're not advocating here for no responsibility of the of counsel position at all. To the contrary, we believe that it makes sense for the of counsel to be out in the open, to be signing off, be responsible for their work product. But we believe, respectfully, that the Court cannot be expected to have of counsel be essentially an overseer of the leading counsel's investigation, who is responsible and who is going to be responsible for whatever their work was that he relies upon. We believe that sanctions here would be an extraordinary punishment to a distinguished career of a professor from Harvard for many, many years, very well-known and respected person, a lawyer who's never been sanctioned in his entire career, and it would severely chill, in our judgment, other similarly situated counsel in these situations. Now, the Rule 11 itself gives flexibility. It provides that the attorney certifies, et cetera, that they have formed their conclusion after an inquiry reasonable under the circumstances. And it also contemplates expressly in most situations there is a nondelegable duty. We're in that category of those situations where it cannot be expected that someone disclosing themself to the Court as of counsel, and there was a hearing on this to determine it. And it's not really seriously in dispute. Robertson, so the argument under the Rule 11, because Mr. Dershowitz, Professor Dershowitz distinguishes himself as of counsel, that the reasonableness inquiry, reasonable under the circumstances, is different versus someone that is just counsel? Yes, Your Honor. That's the point, that there has to be some determination of that, and there was. There is no real dispute about it. The hearing, if you look at even the Court's order at the end of the order, he doesn't have any dispute at all, nor did they, with any evidence that Professor Dershowitz wasn't being credible in what he did. Is there any other cases that make that type of distinction of counsel versus counsel? You know, that's the problem. And honestly, that's why we're here. We believe that the Court should make some distinction in that regard. We agree with Judge Tucci. I don't think he misstated that, that he asked me that question in the hearing. And I said, I don't really have a lot of authority on this, quite candidly. Other than experiential kind of experience, you know, experience with how this is done, how Professor Dershowitz has honestly stated why it was done from all those years ago. He consulted with experts, and no one has ever contested it. Well, we're here now. And we asked the Court to create a rule, but we asked the Court not to apply it retroactively here, because there really is, in this circuit, no clear understanding. Now, the problem we've got while I'm on it, and I'll just vary from my outline here. While we're on it, you know, I argue the Richard case in the State Supreme Court. And they overturned the lower court, the appellate court, on this very issue of sanctions. And I think it's important because, although I know it's not binding on this court, but I think it's important because lawyers have to have some clear guideline. And that's what we're saying here now. Professor Dershowitz didn't have that notice, that clear guideline. He based it on what he'd done in the past. As you know, he was reluctant to even be involved of counsel, et cetera, et cetera. But he did so because, ultimately, it was asked of him, and he believed that it was the appropriate thing to do to be out front and to disclose that. Now, he could have just been counsel, but he chose specifically to delineate what his role would be, to indicate to the Court that his role was limited. And it was. There's no dispute about it. So the question I ask is, are there two rules? Are there going to be two rules? Because, honestly, a lawyer has to know in Arizona, you know, is it richer that I follow? Is it the language in richer that says the challenge to the rule of law is, you know, these kinds of sanctions in these election disputes? That's the real danger to the rule of law, the Court said. It's not bringing the claim. Now, counsel would say, well, yeah, but you can bring those claims. I know she said you can bring those claims, but you have to do them honestly or, you know, factually correctly. Well, Professor Dershowitz did do that. But the question is, is he responsible? I'm sorry. I think the Supreme Court made that clear in Pavlik and LeFleur v. Marvel Entertainment Group. Justice Scalia's opinion says, this signing the document, it's a non-delegable representation that the truth, that the factual allegations are truthful and that the papers are legally reasonable. I think, Justice, I think this opinion by the Supreme Court made it clear in 1989. I don't understand Mr. Professor Dershowitz's creation of this artificial distinction of counsel. He signed the papers. And the signing, which I think is very clear, is at the heart of Rule 11. Well, let me answer that, please. Just a mere signature, which is really what the Court relied upon, as you're saying now, is not the end of the inquiry to me. It really is the beginning of the inquiry as to sanction. Representation, representation that these papers are truthful and legally reasonable? Well, I think that's a fair question. And I think the answer is that the leading counsel in the case is certifying and is responsible. But someone who's designated themselves for a very limited role as of counsel, once the inquiry comes out as to whether there should be a sanction, should not be held liable, basically. And that lends his credibility as a professor, a professor of Harvard, someone with a great reputation otherwise, perhaps. But he's not there, as I say, and this is factually undisputed here, he's not there to, again, look over the shoulder of lead counsel and do 200 hours of work when he's billing for three. That's just not realistic, Your Honor. Fine. He shouldn't sign the papers. Well, let me answer that. First of all, technically, and I don't want to get to be technical, really, because that's not my point. But technically, at the time that those papers were submitted, he was not even admitted at that point. Krohak-Vice, in fact, that occurred in June. Right? I mean, that's the-  Should have been. Then he wasn't. Yeah, I'm not trying to rely on that, but technically, that's the point. At that point, he is not counsel in the case, to answer your question. That's all I was trying to get to. But putting that aside, because I don't think we're going to rely on that as our main point, again, there has to be some rule of reason and lenity and restraint with respect to people, retired judges, retired professors, that add their specialties. I would say the rule is don't sign your name to a document if you don't know that the allegations are truthful and are lawful. But again, you have to rely on counsel. And what is the purpose of Rule 11? Not to punish, but to deter. So you rely on leading counsel, who are clearly competent counsel here, who clearly did do their homework, and frankly, I think, did have grounds for this, clearly. I don't want to argue that, because that's been argued. But clearly, somebody coming on in an expert role as a counsel to the firm- Submit an expert declaration. Why, I mean, why put your name as counsel? As a counsel in the case for his limited purpose, as we've said, which was to determine the constitutionality issue regarding whether a private enterprise, a private company, in this case, Dominion, acting in a governmental capacity could actually evade the transparency requirements that a governmental agency would have. That was his role. There's no question about it. It's not in dispute. That's what he was asked to do. He wasn't asked to be counsel in the entire case. When that issue came up, he felt it was more appropriate, and we do too, by the way, in retrospect, to be involved in the case, not just by a declaration, but actually to argue those points to the court. And he was prepared to do that. That's why he remained silent in every one of these hearings, because that issue did not come up. So he was passive in that sense. But what is the purpose of the rule? The lead counsel is responsible. The lead counsel can be sanctioned if they're, in fact, lying about something. But what is the purpose of restraining, chilling, a limited of counsel role that everybody knows is going to be limited, where the lead counsel is going to be still responsible? And didn't he sign as counsel in other places? I'm sorry? Didn't he also sign as counsel, not of counsel, in other papers? No, that was brought out in the court, Your Honor, and it was clear that the judge found that he was not responsible for that. That was clearly an administrative error from the Barker group. And wasn't he publicly touted as the lead counsel by Kerry Lake and Mike Lindell and other people? Was he of, was he counsel? As lead counsel. Was Mr. Dershowitz lead counsel? Absolutely not. By other people outside the courtroom. Yeah, well, I understand your point. Other people say a lot of things, but he has stated under oath that that was not something that he portrayed. He never knew of that at the time, and that was not his understanding of his role at all. I think that was stated by perhaps the, my pillow guy, I can't remember his name. That's Mike Lindell. Yeah. Did you, did he also receive a copy of the letter, the safe harbor letter from Maricopa County? And I think that's an important point, Your Honor, while you're on that, because the fact is that he did see that letter. He participated in the meeting passively. And, but similar to that King v. Whitmer case where that same issue came up, if you recall, as to Stephanie, I think, Gentile was her name. The court relieved her of any responsibility for that because the court found, and this is true here, that she was not responsible as lead counsel for making the determination to dismiss the case, nor was he. He attended that passively, did not participate actively, but he was aware of it, yes. But he doesn't have the power, nor did she, in that Sixth Circuit case, to demand or dictate that it be dismissed. Maybe he could have taken his name off once he got the notice from the Maricopa County. He got that notice. He got the notice and left his name, still signed the papers. He what? He got the notice and still signed the papers, right? Yes. Yes, he did. That his name would be on there as of counsel, exactly. And our position here today is that that should denote some limitation on the responsibility of and of counsel as was found factually by the court. The court doesn't disagree that he limited himself and that his role was limited and that nothing he did is found here to be sanctionable, per se. But the court, going on to another issue, quickly, I see my time is running out, but the court there, I believe, and I won't get into it because I don't have time, was sending a message that is the wrong message. And it's a wrong message under the Ritzer case as well. And I think there has to be one rule. And in this case, as to Professor Dershowitz, there should be a rule of lenity with respect to an of-counsel designation that is clearly found factually to not have been involved in anything that was actually sanctioned, and that's the point. So going back to their point, yes, we agree. People should be held responsible for their statements and for their acts if they're wrongful and they're factually devoid of any truth. But that is not the situation here, and this court should not impose that. Otherwise, it amounts to punishment and not deterrence. With that, Your Honor, I intended to save more time, but if I may. You can save time, and if you need, I'll give you more time. Yeah, thank you very much. Sorry. Thank you. Emily Kreger on behalf of the Maricopa County Defendants. I'd like to request to incorporate by reference the arguments that were stated in the previous session, if that's possible. Thank you. It's case number 22-16022 for the record. So I'm going to try not to repeat points that I made in the previous session, but the attorney, it's the county's position, the attorneys were properly sanctioned. The court properly exercised its discretion. They made misstatements of fact, and they brought a claim that didn't have any evidentiary basis. I want to talk about the arguments that were made by counsel regarding the of counsel designation. As was said, there is absolutely no case law or precedent whatsoever to support this assertion that's being made. And I would say to the court that the plain language of the rule is clear. If you sign a pleading, these are your obligations. You heard counsel say something along the lines of, we need clear guidelines here. I submit to you there are clear guidelines. They're called Rule 11. Well, what about the Rule 11's text that says that after an inquiry reasonable under the circumstances, and their argument is, well, when you designate yourself as of counsel, what's reasonable is more limited than if you're full counsel. Well, there, I understand that that qualifying language is in there, correct? It does fit within the text. But it doesn't say that what my understanding of their argument is, which is, if you designate yourself as of counsel, you have no responsibilities under Rule 11. No, that's not what they're saying. They're saying, if you designate yourself as of counsel, you're responsible for the work that you provide and you produce. I think they're saying that rule of the counsel designation means that those requirements aren't necessary. But even if that's the case. I'm just curious, why does that not fit? Why does their interpretation not fit with the text of Rule 11? Because they still have the obligation to determine whether the allegations being made in the complaint are truthful. And I will also say that the facts in this case don't support the argument that they're making. Well, just set aside the facts for now. But as a textual matter, you would concede that it's possible that their argument works, right? That because they designate themselves as of counsel, what's their inquiry reasonable under the circumstances is different. I don't think the self-proclaimed designation of counsel changes your obligation. It can change how you act in the case. Yeah, I understand that. But textually, there's nothing that prevents that argument, correct? Prevents that if you designate yourself as of counsel, that means you have a lesser responsibility under Rule 11. That what's reasonable under the circumstances is different. I don't think the title of of counsel changes that. I think perhaps the way that you're that's the. I agree there's policy reasons and all these reasons why that might be for or against. I'm just saying textually, does it fit? Well, I don't think it does because I don't I think it's about what you did in the case and what your responsibilities were, which are if you sign the pleading to make a determination whether the allegations are truthful or have an evidentiary basis. So I think that it's it's it's analyzing whether under the circumstances of that case, whether your actions were reasonable. And I submit that the actions were unreasonable because the Professor Dershowitz said at the very beginning, I'm just of counsel. I don't have any responsibility here. He got the rule. Come on. That's not fair. He said, I got on the I got on the phone call and I decided that this didn't apply to me and I hung up halfway through the Rule 11 call. If you brought into a case, let's take us out of this case to do one specific thing and you're asked to sign as of counsel. Why is it reasonable to say I'm responsible for what my thing is and I'm relying on those other counsel to make sure everything else is proper? Well, I don't think there's any case law that supports that assertion. But I think that when when I sign a pleading, if that's the rule I'm going to take, I could take a role in a case and say, look, I'm just going to help you out with this issue. I'm going to provide you information and I'm going to advise you on this. But I'm not signing the pleadings in the case because I haven't reviewed everything. I don't know the basis for it. But why isn't it also reasonable to I'm going to sign it but designate myself as something different to designate this my different role? Because, well, respectfully, I don't think that that's what Rule 11 says. I think Rule 11 says.  I think it's unreasonable because there are ways for attorneys to provide expertise. There are ways for attorneys to participate in cases. There are ways without signing the pleadings because the court has said, why is this way unreasonable? Or it has said that when you put your name on a pleading, when you sign it, you are telling the court, I have looked at this and what I say is true. What I have said here is correct and to the best of my knowledge, that's after a reasonable inquiry. It's not that. And I would say that whether you're designated as of counsel or not doesn't minimize your responsibility. But why? And in this because the designation has no meaning and there's no meaning as counsel. You know, in this case, he said afterwards that we didn't show but for causation related to what they did. I don't. If we say that clearly, if we said after today, the rule is if you designate yourself of counsel, your inquiry is limited to, you know, what's reasonable, which is your portion. If that's the rule, what's wrong with that? How would the court or the counsel know what your specific contribution to the case was? Well, what happened here? There was an inquiry. Well, you wouldn't know. I mean, from receiving the pleadings and signing them. So as counsel, when I wrote the Rule 11 letter on behalf of my client, I said, everyone who signed this, I need you to understand you have got this wrong. Maricopa County votes on paper ballots. Yeah, but I'm saying if the rule of going forward is if you sign yourself of counsel and then you could say, and if you're of counsel, you will be responsible for any portions that you worked on. Well, I mean, I think, I think quite frankly, you're being invited to do that by this. And I think that I encourage you not to take that invitation because the rule is clear. What's the harm? The harm is, like I said, A, you don't know the contribution. You can't tell what it is for the case. And then you will have every attorney signing every pleading with a carve out saying, I'm only responsible for this piece. He's responsible for this piece. She's responsible for that piece. When globally Rule 11 provides, you need to make sure that when you're signing this, what is in here is factually true and accurate. And, and I would say in this case, the part that he was responsible for was one of the very foundations of the case, whether or not the neutral testing occurs in Arizona over over the, the, that was one of the key elements of what they were asserting here. Participation is whether or not you could seek discovery from the private companies. Well, regarding whether or not that software has been tested and subject to neutral testing. So I mean, the issue to me was about the testing of the software. I take the whole, the software involved was, was the Dominion software? Correct. Okay. Won some fortune in a defamation lawsuit. That is correct. Is that related to this? Well, um, yes, I believe that case related to Mike Lindell. I think that was a related Dominion case, I believe. Oh, Fox. I'm sorry. There's several cases. Okay. We're talking about is the Dominion. Yes. It's the Dominion. I mean, there are several different Dominion suites. That's part of the confusion that was created in this case was Arizona uses one suite, Georgia used another suite, but yes, globally it was Dominion that was at issue. Counsel Judge Gould, if I could ask you a question that of concern to me, am I correct that we have no prior circuit precedent stating that a person who signs a document of counsel has obligations parallel to the person who's the lead attorney signing it? Yes, Your Honor. I agree. There is no precedent. I don't think any, in any circuit, there's any precedent on this. Okay. So if, if, for example, I don't know what we're going to decide, but if we were to decide that an of-counsel designation doesn't shield a lawyer in any way from a failure to abide Rule 11, should that decision, and we were going to write an opinion on that to establish the law of the Ninth Circuit, would that, would that be properly applied to Mr., to Professor Dershowitz's case? Or would it be better to apply such a rule respectively than to say it would not be applied retroactively to Professor Dershowitz? Well, I would say that the rule, Rule 11 is clear as it stands right now. And Professor Dershowitz was seemingly relying on a nonexistent distinction. He was aware of the claims being made. So in my opinion, I guess if Professor Dershowitz is saying that he, his position was reasonable and therefore any new precedent saying that this of-counsel distinction is improper would not apply to him, I think that that's not appropriate. And Professor Dershowitz should have done the analysis at the time he was signing as of-counsel and certainly at the point when he received the Rule 11 letter. Does that answer your question, Your Honor? Yes, it does. Thank you. Rule 11 really to sanction people that just so clearly go beyond the known norms? And if this norm was unknown, why should he be punished for that? I don't see it as unknown because the plain text of that — But no case said one way or the other, right? So it's unknown. Well, also no case says, you know, that I've signed this pleading as the Queen and therefore I don't have to follow Rule 11. The of-counsel distinction has — my understanding in researching this once we received this after the sanctions had been awarded, because that was the first time that Professor Dershowitz ever raised this, is that of-counsel is used as a law firm distinction to show whether you are a partner, an associate, or of-counsel. Well, the record shows that he's been using it for like 50 years, right? Or 40 years or something like that. Professor Dershowitz? Yes. And for the precise purpose of this. Well — The district court didn't disagree with that. I don't — I think he said he has been. It's never been challenged, I don't think, because no one ever asked what that means, why you set it, and what your limited role in this case is. Can I ask a follow-up? Your point about, you know, everyone saying I'm only part — that's a good argument why this rule shouldn't go forward. Is there any other rules, any other reasons like that, why we shouldn't adopt a rule saying of-counsel limits your responsibility under Rule 11? Well, I think that, you know, Rule 11 to me is like the bare minimum you have to abide by when you come into court, right? You need to say, I have reviewed this, and I think there is a reasonable basis, and the things in here are true. And so I think once the court starts carving out exceptions to that rule and responsibility for attorneys, it's a slippery slope. And I think that, you know, to the point in the earlier case of, you know, why this is part of attorneys' oaths, why this is critically important, why, you know, the role societally that courts have, that there's an understanding that when people come into court and attorneys come into court, they're being truthful, they have a reasonable basis for what they're asserting, and that that's something that, you know, societally we rely on, and it's a critical role of the courts. So to me, carving out exceptions, especially after the fact, like, oh, wait a minute, I guess I didn't let you know what I meant when I said of-counsel. I didn't, I guess I didn't tell you this is what I meant and this is all I was doing is hugely problematic. I think with that, I have no other points. Thank you. Thank you, Counsel. Okay. Mr. Will and Chuck. Thank you. A couple of quick points. I'm sorry. Can I just jump in? Because I thought your friend on the other side made a good point that if we allow these like different rules for different, you know, lawyers, then everyone's going to say, I'm only responsible for this, I'm only responsible for that, and no one's responsible for the whole thing. Do you have a response to that? Quickly, the lead counsel, I believe, should be responsible for the whole thing. Okay? I don't take it. So there always has to be lead counsel. I think so. There has to be one counsel under the rule that is primarily responsible. That's what it says. Okay. But let me just hit these quick points, and I know my time is running out, but this is not an after-the-fact issue. The rule is clear, and it talks about reasonableness under the circumstances, which counsel doesn't want to acknowledge. That requires the kind of fact-finding analysis that happened here, and that resulted in a decision essentially to do a mini-trial. Counsel, let me just ask you, what if we had to do that in every case? Well, you're going to sanction someone. No. I mean, you would be saying the onus is not on the lawyer who signs the filing. The onus is on the court to discover what he meant by his use of that filing. Well, respectfully, Your Honor, when you get to the point of sanctioning someone, which is an extraordinary relief and doesn't happen every day, but when you get to that point, I contend, I submit, respectfully, you have to have that kind of determination as to what that person's involvement was anyway. Right. But you would have to do that in every case if we accepted the ---- Were there sanctions involved? Sure. Well, I mean, you would have to do it before. You would have to ask, well, who's responsible for which part? Why? You only do that when there's sanctions. You don't just inquire about everybody's role in a case. Well, but if you're ---- if you want the role to be that if you designate yourself of counsel, that means you're only ---- you're not responsible for the whole thing. That means you're going to have to figure out what part everybody's responsible for. Yes. And as I said, I think you should be responsible at the end. Before the sanctions. Before the sanctions. I mean, just, like, how can you limit your role if you're going to sign the document? Because it's clear, factually, that he did limit his role with the lead counsel. He stated, I'm only going to be responsible for this. That ---- and he didn't want to even be of counsel. The designation was to denote that there is a limited role so that later on, to answer your question, if you get to sanctions, the question is, what was your role? I haven't encountered anyone ever limiting their role in signing the pleadings. Ever. In, like, over 25 years on the bench. What you create then is you're not going to have people like this, perhaps ex-judges as well, giving their input directly into a case for their limited expertise. Is that a good thing to achieve? I think not. I think the better thing is to take the chance that later on, if there is a sanction, that it becomes clear, as it did here in a fact-finding process, that he had no role in the other issues that were sanctioned. Otherwise, he's basically an insurer against his will, or he doesn't participate at all. And that's the danger, because he wants to participate. He wants to advise the Court on his expertise. He wants to be a counsel in the case. But not as to everything. He can't be. It's to participate is the point. Well, is that a good thing to achieve, Your Honor? I'd ask the Court. Because I think it's a good thing to achieve to have people with expertise not be fearful of providing that with the understanding that they're going to be responsible. As I said, this is not we're not arguing that he shouldn't be responsible. He is responsible for his work. And if his work is implicated, then clearly he should be sanctioned. But the record is clear that that wasn't the case in this case. Any other questions, Your Honor? Judge Gold? No. Thank you. Judge Gold? Thank you very much. I have no further questions. Okay. All right. Lake v. Gates, Number 2316-023 is submitted.
judges: WARDLAW, GOULD, BUMATAY